UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN D. PERROU,

        Petitioner,

                                 CASE NO. 2:06-CV-14942
v.                                  HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN,

        Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION FOR TRANSFER OR RELEASE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 18, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This matter is before the Court on Petitioner's motion for transfer or release on personal recognizance. Petitioner is currently serving concurrent terms of 156 to 360 months imprisonment, 54 to 120 months imprisonment, and 90 to 240 months imprisonment on convictions for armed robbery, assault with intent to commit great bodily harm less than murder, and first-degree home invasion, respectively. His *pro se* petition for a writ of habeas corpus is currently pending before the Court. At the time Petitioner instituted this action, he was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner has recently been transferred to the Mid-Michigan Correctional Facility in St. Louis, Michigan. Petitioner seeks a transfer back to the

Thumb Correctional Facility. Alternatively, he seeks release on personal recognizance with or without surety.

An order of the Court normally is required for the transfer of a prisoner who has a pending habeas petition. *See* Fed. R. App. P. 23(a); *Cohen v. United States*, 593 F.2d 766, 767 n.2 (6th Cir. 1979). A violation of this rule does not warrant an order mandating that the petitioner be returned to the original institution of incarceration, however, where the petitioner has not been prejudiced by the transfer. *See Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982). Petitioner sets forth no facts establishing that he has been prejudiced in this action by his prison transfer. Accordingly, the Court **DENIES** Petitioner's request for a transfer back to the Thumb Correctional Facility.

Petitioner also seeks release on personal recognizance with or without surety. The United States Court of Appeals for the Sixth Circuit has explained that it is "the very unusual case" where a habeas petitioner is admitted to bail while his or her habeas petition is pending:

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." . . . There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964). A federal district court may grant bail when granting the writ. *See Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances. Again, Petitioner sets forth no supporting facts or

argument in support of his request.  The Court is not persuaded that the interests of justice require Petitioner's release on personal recognizance pending the resolution of this case.  Accordingly, the Court **DENIES** Petitioner's request for release on personal recognizance.

    **SO ORDERED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Justin Perrou, #321559
Mid-Michigan Correctional Facility
8201 N. Croswell Road
St. Louis, MI   48880

Raina I. Korbakis, Esq.