UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN PERROU,

        Petitioner,

v.                                CASE NO. 2:06-CV-14942
                                HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on December 18, 2008.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Justin Perrou ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions following a jury trial in the Circuit Court for Bay County, Michigan, for armed robbery in violation of MICH. COMP. LAWS § 750.529, assault with intent to commit great bodily harm less than murder in violation of MICH. COMP. LAWS § 750.84, and first-degree home invasion in violation of MICH. COMP. LAWS § 750.110a(2). The trial court sentenced Petitioner to concurrent terms of imprisonment of 156 to 360 months for the armed robbery conviction, 54 to 120 months for the assault conviction, and 90 to

240 months for the home invasion conviction.[1] In his pleadings in support of his habeas petition, Petitioner raises claims concerning the voluntariness of his statement to police, the prosecutor's failure to produce a weapon, the scoring of the sentencing guidelines, vindictive sentencing/cruel and unusual punishment, the effectiveness of trial counsel, and prosecutorial overcharge. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus.

## I. Facts and Procedural History

Petitioner's convictions arise from the home invasion, robbery, and assault of Norman Glaspell at his residence in Bay County, Michigan, on October 18, 1999. Petitioner was charged with armed robbery, assault with intent to commit murder, first-degree home invasion, and larceny from a building and was tried with his father, co-defendant Kevin Perrou. The Michigan Court of Appeals summarized the facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. App'x 730 (6th Cir. 2002), as follows:

> Defendants' convictions arise from an incident in which they broke into the complainant's home and attacked the complainant, seriously injuring him. Defendants subsequently took a stereo speaker from the home. At trial, defendant Justin Perrou asserted that he only took the speaker as collateral for a loan that the complainant allegedly owed to Kevin Perrou,

---

[1] The jury also convicted Petitioner of larceny in a building in violation of MICH. COMP. LAWS § 750.360, for which he was sentenced to 17 to 48 months imprisonment. The Michigan Court of Appeals, however, vacated that conviction and sentence on direct appeal on double jeopardy grounds. *People v. Perrou*, Nos. 231402, 231404, 2003 WL 193541, at *3 (Mich. Ct. App. Jan. 28, 2003) (unpublished op.).

> who is Justin's father. Justin claimed that the complainant was
> inadvertently injured while he and his father were defending
> themselves from the complainant while trying to leave the
> house.

*People v. Perrou*, Nos. 231402, 231404, 2003 WL 193541, *1 (Mich. Ct. App. Jan. 28, 2003) (unpublished).

The medical testimony at trial revealed that the victim suffered a stab wound to his back, as well as a severe injury to his head which could have been caused by a baseball bat, other blunt object, or even a knife. The victim identified Petititioner and Petitioner's father as his assailants following the incident and at trial. Police found a speaker taken from the victim's home at Petitioner's residence. During the course of Petitioner's trial testimony, his recorded statement to the police following his arrest was played for the jury. In that statement, Petitioner admitted entering the victim's home with his father with the intent to take the victim's speaker. He also admitted stabbing the victim with a knife and striking him with a pipe while the victim fought with Petitioner's father.

At the close of trial, the jury convicted Petitioner of armed robbery, assault with intent to commit great bodily harm less than murder, first-degree home invasion, and larceny in a building. The trial court subsequently sentenced Petitioner. Petitioner then filed an appeal as of right with the Michigan Court of Appeals, asserting that: (1) the prosecution presented insufficient evidence to support his armed robbery and home invasion convictions; (2) the trial court failed to instruct the jury on the defense of claim of right; (3) trial counsel was ineffective for failing to request such an instruction; (4) his

convictions for armed robbery and larceny violate double jeopardy; and (5) the trial court improperly scored Offense Variables 7 and 14 of Michigan's sentencing guidelines. The Michigan Court of Appeals vacated Petitioner's larceny conviction and sentence on double jeopardy grounds, but otherwise affirmed his convictions and sentences. *Perrou*, 2003 WL 193541. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied in a standard order. *People v. Perrou*, 469 Mich. 862, 666 N.W.2d 673 (2003).

Petitioner subsequently filed a motion for relief from judgment in the trial court, raising the following arguments: (1) his statement to police was involuntary; (2) the prosecution failed to produce the weapon (an auto part) used in the crime; (3) trial counsel was ineffective for failing to properly investigate his case; and (4) he should be re-sentenced because his larceny conviction was vacated. The trial court denied the motion as to Petitioner's first and second arguments pursuant to Michigan Court Rule 6.508(D)(3), finding that Petitioner did not establish good cause for failing to raise the arguments on direct appeal and actual prejudice from the alleged irregularities. *People v. Perrou*, No. 00-1005-B (Bay Co. Cir. Ct. Dec. 2, 2003). The trial court concluded that Plaintiff's ineffective assistance of trial counsel claim was "barred by principles of finality, res judicata, and/or collateral estoppel" because he raised the issue of ineffective assistance of trial counsel during his direct appeal and the Michigan Court of Appeals found that Petitioner failed to establish ineffective assistance of counsel. *Id*. (emphasis removed). Lastly, the trial court concluded that Plaintiff was not entitled to resentencing

4

as a result of the reversal of his larceny from a building conviction. *Id*.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims, as well as a claim that trial and appellate counsel were ineffective for failing to challenge the admission of his statement to police. The court denied leave to appeal for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Perrou*, No. 255856 (Mich. Ct. App. April 7, 2005) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which the Court similarly denied. *People v. Perrou*, 474 Mich 904, 705 N.W.2d 128 (2005).

Petitioner thereafter filed his federal habeas petition and supplemental briefs, asserting the following claims as grounds for relief:

>   I. His police statement was involuntary and induced by a promise of leniency.
>
>   II. The prosecution possessed the weapon used in the offense (an auto part), but failed to produce it at trial.
>
>   III. Offense Variables 3 and 7 of the sentencing guidelines were incorrectly scored.
>
>   IV. His sentence was vindictive where he was offered a plea with a nine-year sentence but was given a 13-year sentence after trial.
>
>   V. Trial counsel was ineffective for failing to participate in jury voir dire due to a conflict of interest and for failing to object to numerous instances of prosecutorial misconduct.
>
>   VI. The prosecution acted unethically in pursuing an

> assault with intent to murder charge where there was insufficient evidence to support such a conviction.

Respondent has filed an answer to the petition contending that it should be denied because the claims are defaulted, unexhausted, not cognizable, and/or lack merit.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the Michigan court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-

6

13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

### III. Analysis

#### A.

Petitioner first asserts that he is entitled to habeas relief because his statement to police was induced by a promise of leniency and therefore was involuntary. Respondent contends that this claim is barred by procedural default because Petitioner first raised this claim in his motion for relief from judgment and the state courts denied relief pursuant to a state procedural rule, Michigan Court Rule 6.508(D).

Federal habeas relief may be precluded on claims that a petitioner has not

7

presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87, 97 S. Ct. 2497, 2505-06 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is an "adequate and independent" state ground to foreclose review of the claim. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989). The last *explained* state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05, 111 S. Ct. 2590, 2594-95 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Petitioner first challenged the voluntariness of his statement to the police in his motion for relief from judgment. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3), which provides in part:

> The court may not grant relief to the defendant if the motion
> . . .
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this chapter, unless the defendant demonstrates

8

>>(a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
>>(b) actual prejudice for the alleged irregularities that support the claim for relief. . . .

MCR 6.508(D)(3). The trial court found that Petitioner did not establish cause and prejudice for previously failing to challenge the voluntariness of his statement to police. The Michigan appellate courts also relied upon Michigan Court Rule 6.508(D) in denying Petitioner leave to appeal the denial of his motion for relief from judgment. The Michigan courts thus "clearly and expressly" relied upon a state procedural rule in dismissing this claim.

A state prisoner who fails to comply with a state's procedural rule waives the right to federal habeas review with respect to the defaulted claims unless the prisoner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or a showing that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 2565 (1991). In his habeas pleadings, Petitioner does not assert cause to excuse his procedural default. On collateral review in the Michigan appellate courts, Petitioner alleged ineffective assistance of appellate counsel as cause to excuse his procedural default. However, this claim itself has been procedurally defaulted because Petitioner did not present the issue in his motion for relief from judgment before the state trial court and he first raised it in the state appellate courts. A claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is itself an independent constitutional

claim which requires proper exhaustion in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587, 1591-92 (2000).

In *Kincade v. Stegall,* another judge in this district ruled that a habeas petitioner's claims were not properly exhausted when he failed to present them in his motion for relief from judgment before the trial court and first raised them when seeking leave to appeal before the Michigan Court of Appeals. No. 99-CV-76350-DT, 2001 WL 279751, *5 (E.D. Mich. Jan. 23, 2001). The court explained that Michigan case law suggests that a defendant who seeks post-conviction relief on a particular issue must first present the claim in the trial court to preserve the issue for appeal. *Id.* at *4 (citing *People v. Fannon*, 444 Mich. 964, 514 N.W.2d 772 (1994), in which the Michigan Supreme Court denied leave to appeal on the denial of a motion for relief from judgment without prejudice to the defendant filing a second motion for relief from judgment because the trial court was never presented with the affidavits and arguments contained in the application for leave to appeal). Following *Kincade*, other judges in this district have similarly ruled that a habeas petitioner has not properly exhausted his claims when he fails to present them to the trial court on a motion for relief from judgment and instead first raises them on discretionary review before the state appellate courts. *See, e.g., West v. Jones*, No. 06-CV-12057, 2008 WL 1902063, *11-12 (E.D. Mich. April 29, 2008); *Dorch v. Smith*, No. 01-CV-71206-DT, 2002 WL 32598987, *19 (E.D. Mich. Sept. 11, 2002).

This Court also agrees with the reasoning in *Kincade* and concludes that Petitioner failed to properly present his ineffective assistance of appellate counsel claim to the state

10

courts. Because Petitioner has procedurally defaulted the issue in the state courts, he cannot rely upon appellate counsel's alleged ineffectiveness to establish cause to excuse his procedural default. *See Edwards, supra*.

Furthermore, and alternatively, Petitioner has not shown that appellate counsel was ineffective. In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. The Supreme Court has further advised that judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689, 104 S. Ct. at 2065. As to the prejudice prong of the *Strickland* test, the defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, . . ." *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986) (quoting *Barnes*, 463 U.S. at 751-52, 103 S. Ct. at 3312-13). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

Petitioner fails to show that by omitting the involuntary statement claim presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented viable claims concerning the jury instructions (and a related ineffective assistance of trial counsel issue), the sufficiency of the evidence, sentencing, and double jeopardy on direct appeal in the state courts. In fact, the double jeopardy claim was successful and resulted in the Michigan Court of Appeals vacating Petitioner's larceny conviction. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising the involuntary statement claim contained in the motion for relief from judgment was

deficient or unreasonable. This is particularly so given Petitioner's confirmation that he had been advised of his constitutional rights and voluntarily spoke to police in the recording that was admitted into evidence at the preliminary examination and at trial. The Court therefore concludes that Petitioner has not established that appellate counsel was ineffective so as to establish cause to excuse his procedural default.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith*, 477 U.S. at 533, 106 S. Ct. at 2666; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Moreover, Petitioner has not established that a fundamental miscarriage of justice has occurred as a result of this alleged constitutional violation. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 479-80, 106 S. Ct. 2639, 2641 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 866 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998). Petitioner has made no such showing. The Court therefore concludes that this claim is barred by procedural default and does not warrant federal habeas relief.

**B.**

Petitioner next asserts that he is entitled to habeas relief because the prosecution

13

possessed a weapon used in the crime that it did not produce at trial. Specifically, Petitioner claims that he used an auto part to strike the victim, but that part was never shown to the jury. Petitioner believes that production of the auto part would have damaged the victim's credibility because the victim testified that Petitioner had a baseball bat. Respondent contends that this claim also is barred by the procedural default doctrine.

This Court agrees with Respondent. As with his involuntary statement claim, Petitioner first raised this issue in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D). Petitioner has neither alleged nor established cause to excuse his default of this issue in his pleadings. He has also not shown that a fundamental miscarriage of justice has occurred. *See* discussion *supra*. This Court therefore concludes that this claim also is barred by procedural default and does not warrant federal habeas relief.

## C.

Petitioner next asserts that he is entitled to habeas relief because the trial court incorrectly scored Offense Variables 3 and 7 of the state sentencing guidelines. Respondent contends that such claims are not cognizable on habeas review.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limit or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be

granted. *See, e.g., Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). The trial court sentenced Petitioner to 13 to 30 years imprisonment on his armed robbery conviction, four years and six months to 10 years imprisonment on his assault with intent to commit great bodily harm conviction, and seven years and six months to 20 years imprisonment on his first-degree home invasion conviction. Those sentences are within the statutory maximums authorized under Michigan law. *See* MICH. COMP. LAWS § 750.529 (life imprisonment for armed robbery), § 750.84 (10 years imprisonment for assault with intent to commit great bodily harm), § 750.110a(2) (20 years imprisonment for first-degree home invasion).

A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741, 68 U.S. 1252, 1255 (1948); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). Petitioner cannot prevail on any such claim, however, as he has not shown that the trial judge relied on false information in sentencing him.

Petitioner also cannot prevail on any claim that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. The United States

15

Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. "'A sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Moreover, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995) (citations omitted). Petitioner's sentences are for a term of years and are within the statutory maximums. This Court cannot find an extreme disparity between Petitioner's crimes and sentences so as to offend the Eighth Amendment.

Petitioner therefore fails to establish that he is entitled to federal habeas relief on this claim.

**D.**

Petitioner next asserts that he is entitled to habeas relief because he was subject to vindictive sentencing. Specifically, Petitioner claims that he was offered a nine-year sentence during plea negotiations on the charged offenses, but then was given a 13-year sentence on the armed robbery conviction following trial. Respondent contends that this claim has not been presented to the state courts and is therefore unexhausted and barred

by procedural default.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner admits in his petition that he has never presented his vindictive sentencing claim to the state courts on either direct appeal or collateral review. A habeas claim that a petitioner has not exhausted ordinarily is subject to dismissal. The courts have identified an exception to this rule: "If a petitioner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be

17

dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). However, this exception does not apply "unless [the petitioner] can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal." *Id*. at 1196 (citing *Coleman*, 501 U.S. at 750-51, 111 S. Ct. at 2565).

No state court remedy is available to Petitioner because he already filed a motion for relief from judgment in the state trial court and Michigan Court Rule 6.502(G) bars him from filing a successive motion. Petitioner, however, fails to show cause and prejudice.

Petitioner states that he did not raise this claim in the state courts because he is a legal novice and did not know what legal argument to raise to make this claim. Such reasons, however, do not establish cause to excuse Petitioner's failure to raise this claim in the state courts on direct appeal or collateral review. *See Bonilla v. Hurley*, 370 F.3d 494, 497-99 (6th Cir. 2004) (per curiam) (inability to secure legal counsel and lack of legal training do not establish cause to excuse procedural default); *Hannah*, 49 F.3d at 1197 (petitioner does not establish cause to excuse procedural default merely based upon his *pro se* status or ignorance of his rights). Petitioner also has not shown that a fundamental miscarriage of justice has occurred. *See* discussion *supra*. This claim is thus unexhausted, barred by procedural default, and does not warrant federal habeas relief.

**E.**

Petitioner also asserts that he is entitled to habeas relief because his trial counsel

was ineffective for failing to participate in jury voir dire due to a conflict with co-defendant's counsel and for failing to object to perceived instances of prosecutorial misconduct. Respondent contends that these claims have not been presented to the state courts and are therefore unexhausted and procedurally defaulted.

This Court agrees with Respondent. As with his vindictive sentencing claim, Petitioner has not presented these specific claims of ineffective assistance of counsel to the state courts on direct appeal or collateral review. Consequently, these claims are unexhausted and procedurally defaulted. Petitioner has neither alleged nor established cause to excuse his default of these ineffective assistance of trial counsel claims. He also has not shown that a fundamental miscarriage of justice has occurred. *See supra*. These claims are thus unexhausted, barred by procedural default, and do not warrant federal habeas relief.

**F.**

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecutor improperly pursued an assault with intent to murder charge where there was insufficient evidence for such a conviction. Respondent contends that this claim has not been presented to the state courts and is thus unexhausted and procedurally defaulted.

This Court agrees with Respondent. As with the previously-discussed vindictive sentencing and ineffective assistance of counsel claims, Petitioner has not presented this claim to the state courts on direct appeal or collateral review. The claim is therefore unexhausted and procedurally defaulted. Petitioner has neither alleged nor established

19

cause to excuse his default of this claim. He has also not shown that a fundamental miscarriage of justice has occurred. *See* discussion *supra*. This claim is thus unexhausted, barred by procedural default, and does not warrant federal habeas relief.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/PATTRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Justin D. Perrou, #321559
Pine River Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Raina Korbakis, Assistant Attorney General